■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DUANE ADAMS, Appellant.—Judgment unanimously affirmed. Memorandum: The trial court properly denied defendant's motion for a new trial based on alleged newly discovered evidence. That evidence consisted mostly of impeaching information (see, People v Salemi, 309 NY 208, 209-210, cert denied 350 US 950). The newly discovered information consisting of alleged bad acts on the part of the witness could be used only on cross-examination of the witness to impeach her credibility (see, Richardson, Evidence § 498 [Prince 10th ed]). At trial, the witness was cross-examined about the alleged bad acts and she denied committing them. Extrinsic evidence to refute those denials was not admissible at the trial, nor would it be on a retrial.

There was no indication that the alleged use of narcotics by the witness the night before she testified rendered the witness incompetent to testify. Thus, the discovery of that evidence does not justify the granting of a new trial.

Defendant's argument that the court erred in not charging accomplice liability lacks merit inasmuch as his trial counsel expressly requested the court to charge the jury that the theory of accomplice liability did not apply to this case.

We find no merit to defendant's contention that there was a variance between the theory of the indictment and the proof at trial.

Finally, we conclude that the court did not abuse its discretion in declining to adjudicate defendant a youthful offender and in imposing a sentence of 4 to 12 years imprisonment for forcible rape and sodomy. (Appeal from Judgment of Supreme Court, Monroe County, Mark, J.—Rape, 1st Degree.) Present—Denman, P. J., Boomer, Lawton, Fallon and Doerr, JJ.